IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRADLEY J. CORNILLE, #28-18-000404, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1496−JPG |
| | ) | |
| DON JONES, | ) | |
| CHET SHAFFER, and | ) | |
| JUSTIN MULLENS, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Bradley Cornille, a pretrial detainee in Franklin County Jail, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint (Doc. 1), Plaintiff claims defendants denied him contact visits with his children from March to July 2018. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): from March to July, 2018, Defendants denied Plaintiff contact visits with his young children. (Doc. 1, pp. 3-4). The visits that have occurred have lasted approximately 15 minutes once per month. *Id.* Plaintiff requests declaratory, monetary, and preliminary and permanent injunctive relief ordering

1

Defendants to give Plaintiff two weekly hour-long contact visits with his children and unlimited access to updates, phone calls, and decisions on his children's well-being. (Doc. 1, p. 5).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants violated Plaintiff's constitutional rights by denying him adequate contact visits with his young children from March to July 2018.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

As to Count 1, "[p]rison administrators are to be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Block v. Rutherford*, 468 U.S. 576, 584 (1984). In *Block*, the Supreme Court upheld a blanket prohibition on contact visits for pretrial detainees, noting that "the Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility." *Id.* at 576-77. Because the constitution does not guarantee contact visits, Count 1 will be dismissed.

Though the Court suspects that allowing Plaintiff to file an amended complaint would be futile, out of an abundance of caution, Plaintiff will be given a single opportunity to amend his complaint to attempt to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**. There is no right to

appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request for counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff claims that he mailed letters to a number of attorneys asking for representation but has not heard back. Without copies of the letters, or more information about their content and the date they were sent, the Court finds that Plaintiff has not shown that he made a reasonable attempt to find counsel.

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, Plaintiff's claims do not appear to be that factually complex. Given the facts presented, the claims he has brought are also not viable with or without representation. Regardless, Plaintiff's petition adequately articulates his grievances, and based on this ability, he appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's motion for appointment of counsel will be **DENIED** without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) and **COUNT 1** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **JONES**, **SHAFFER**, and **MULLENS** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff

shall file a First Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this order (on or before **October 12, 2018**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because Plaintiff has thus far failed to state a claim upon which relief may be granted in this case.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1496-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, the defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and

Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: September 14, 2018**

                                                   s/J. Phil Gilbert
                                                 United States District Judge