**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRADLEY J. CORNILLE, #B-88097,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv−01496−JPG** |
| | ) | |
| **DON JONES** | ) | |
| **and CHET SHAFFER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Bradley Cornille. (Doc. 14). Plaintiff alleges that he was denied contact visits with his two young children (ages 1 and 2) during his detention at Franklin County Jail from March through July 2018. At the time, two court orders for contact visits were in effect. *See* Franklin County Circuit Court Case Nos. 18-JA-20 and 18-JA-21. However, Sheriff Don Jones and Jail Administrator Chet Shaffer chose to disregard them. Plaintiff seeks declaratory judgment and monetary damages against these defendants.[1] (Doc. 1, pp. 6-10).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

---

[1] At the time he filed the Complaint, Plaintiff was detained at the Jail and sought injunctive relief against these officials. He is no longer housed at the Jail and no longer seeks an injunction.

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The First Amended Complaint survives screening.

**Discussion**

The Court previously characterized the claim at issue in this *pro se* action as follows, and the parties and Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

> **Count 1:** Defendants violated Plaintiff's constitutional rights by denying him adequate contact visits with his young children from March to July 2018.

**Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

The Fourteenth Amendment Due Process Clause governs Plaintiff's constitutional claim. *Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979). The Clause prohibits punishment of persons who are not convicted of a crime. *Id*. Where a pretrial detainee challenges the conditions of his confinement in this context, the proper inquiry is whether the challenged condition, practice, or policy: (1) amounts to punishment in a constitutional sense; (2) is rationally related to some legitimate penological purpose; and (3) is "excessive in relation to the . . . purpose." *Id*. at 538-39. The United States Supreme Court and Seventh Circuit Court of Appeals have routinely upheld contact visitation restrictions imposed against pretrial detainees. *See, e.g., Block v. Rutherford*, 468 U.S. 576 (1984) (jail's ban on contact visits was reasonably related to legitimate governmental objective of maintaining internal security); *Jordan v. Wolke*, 615 F.2d 749 (7th Cir. 1980) (jail's ban on contact visits did not amount to punishment); *Martin v. Tyson*, 845 F.2d 1451 (7th Cir.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

1988) (jail's visitation policy banning contact visits and limiting length and number of visits caused plaintiff no constitutional harm); *Mitran v. County of DuPage*, 946 F.2d 847 (7th Cir. 1991) (unpublished) (jail's ban on contact visits was reasonably related to legitimate security objectives). Although the Constitution does not guarantee contact visits when "responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility," *Block v. Rutherford*, 468 U.S. at 576-77, the Court cannot glean what, if any, discretion was used by the defendants when they denied Plaintiff's court-ordered contact visits at the Jail in this particular case. Count 1 shall proceed, for now, against both defendants.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendants **DON JONES** and **CHET SHAFFER**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **JONES** and **SHAFFER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 14), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This

information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings. Further, this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/14/2018**

s/J. Phil Gilbert
**U.S. District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.